EDMUN REALTY CORPORATION, a Florida Corporation, v. BELLA WEINER and SAMUEL WEINER, husband and wife.

33 So. (2nd) 867                                     January Term, 1948
February 17, 1948                 .                        Division B

Roland W. Granat, for appellant.

George Chertkof, for appellees.

BUFORD, J.:

The appeal brings for review an order dismissing bill of complaint upon the ground that the notice published for constructive service was insufficient to vest the court with jurisdiction of the unnamed defendants.

The notice published for the required period was as follows:

"NOTICE TO APPEAR

IN PROCEEDINGS TO RE-ESTABLISH LOST INSTRUMENTS.

TO: BELLE WEINER and SAMUEL WEINER husband and wife;

AND ALL OTHER PERSONS INTERESTED:

"YOU ARE HEREBY NOTIFIED to appear before the Honorable Judge Ross Williams of the above Court, in the Dade County Courthouse at Miami, Florida, at 2 P. M. on July 10, 1947, and then and there show cause why the instruments hereinafter described should not be reestablished.

"The Petitioner, EDMUN REALTY CORP., a Florida corporation, seeks to re-establish a Promissory Note and Mortgage dated the 1st day of April, 1946, made by BELLA WEINER and SAMUEL WEINER, her husband, to the Petitioner, securing the payment of One Hundred Thousand ($100,000.00) Dollars in payments as set forth in said note, encumbering the following described property in Dade County, Florida, to-wit:

The North 50 feet of Lots 21, 22 and 23, and the South ½ of Lot 24, of Block 2 of SECOND OCEAN FRONT SUBDIVISION, according to the amended plat thereof recorded in Plat Book 28 at Page 28 of the Public Records of Dade County, Florida; together with the buildings and improvements thereon and the furniture, fixtures and equipment therein contained together with

any and all replacements, substitutions or additions thereto;

which mortgage was recorded on the 3rd day of April, 1946, in Mortgage Book 1645 at page 437 of the Public Records of Dade County, Florida.

E. B. LEATHERMAN<br>
Clerk of the Circuit Court<br>
By: (S) R. H. Rice, Jr.,<br>
Deputy Clerk."

The statute providing for substituted service by publication is sub-paragraph (2) of Sec. 71.07, Fla. Statutes 1941 (same F.S.A.) and reads as follows:

"(2). PUBLICATION AND SERVICE OF THE NOTICE. —The clerk shall also cause to be published notice to all persons named and not served, and to all other persons interested to appear in said court and show cause as aforesaid on a day to be named in the notice, not less than twenty-eight nor more than sixty days from the first publication of said notice.

"The notice shall contain a brief statement of the substance of the petition, and of the copy attached to it, and shall be published once each week for four successive weeks in a newspaper published in the county in which the proceedings are taken."

It will be observed that the published notice did not conform to the statutory requirements in that such notice did not contain a brief statement of the substance of the petition and of the copy attached to it.

The notice only stated the relief which petitioners sought and did not state briefly, or otherwise, the substance of the petition. It is too well established to require at this time the citation of authorities that in cases where substituted service is authorized by statute and it is attempted to acquire jurisdiction by such substituted service, the statute must be strictly followed.

Our latest expression in this regard is contained in the opinion in the case of Napoleon B. Broward Drainage District et al. v. Certain Lands, etc., filed at this Term of Court.

For the reasons stated, the decree is affirmed.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.